UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BETHEL,

    Plaintiff,

v.

    Case No. 11-13664

    Honorable Patrick J. Duggan

ALLSTATE INDEMNITY COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_March 29, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Dennis Bethel ("Plaintiff") filed this action in Wayne County Circuit Court on July 22, 2011 to recover for an alleged breach of an insurance contract by Defendant Allstate Indemnity Company ("Allstate"). Before the Court are the parties' cross-motions for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56. The matter has been fully briefed, and on March 26, 2012, the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Allstate's motion and denies Plaintiff's motion.

## I. Background

Plaintiff, a California resident, owns a number of rental properties, including a home at 45 Nelson Street in Pontiac, Michigan.  On November 1, 2010, Plaintiff and his property manager inspected this home.  They discovered graffiti and noted some areas of the home in need of repair.  According to Plaintiff, the home had been vacant since June or July of 2010.

A fire caused extensive damage to the property the next day.  Firefighters found the melted remains of a gasoline container in the home.  Plaintiff subsequently filed a claim with Allstate pursuant to an insurance policy under which the home was insured.  Allstate, as part of its investigation, retained a fire investigator to determine the origin and cause of the fire.  In his report, the investigator noted the remains of the gasoline container as well as a strong odor of gasoline in the first floor of the home.  The investigator found multiple areas of origin, and concluded that the fire was an intentionally set arson fire accelerated in the presence of suspected gasoline.  Testing by a forensic chemist confirmed the presence of gasoline in debris removed from the property.

Allstate denied Plaintiff's insurance claim based on a policy provision excluding coverage for loss caused by a fire resulting from vandalism where the dwelling was vacant for more than ninety consecutive days immediately prior to the vandalism.  Plaintiff does not dispute that the property was damaged by an arson fire immediately following a ninety-day period where the property was vacant, and that the arson fire was the sole cause of the loss.  *See* Pl.'s Br. Supp. Mot. Summ. J. at 5.  Plaintiff argues, however, that the vandalism policy exclusion is not applicable to this loss.  He filed this action in Wayne County Circuit Court, alleging that Allstate breached the terms of its insurance policy.

2

Allstate removed the suit to this Court on the basis of diversity, and has now moved for summary judgment pursuant to Rule 56. Plaintiff has moved for partial summary judgment with respect to Allstate's liability under the policy.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. "A party asserting

that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III. Discussion

As noted above, it is undisputed that the property was damaged by an arson fire immediately following a ninety-day period of vacancy, and that the arson fire was the sole cause of the loss. The parties only disagree as to whether such loss is excluded from coverage under the policy.

Neither party disputes that Michigan law applies to the insurance policy. Michigan courts treat insurance policies just as any other contract, and interpret the agreement to effectuate the parties' intent. *Allstate Ins. Co. v. Keillor*, 450 Mich. 412, 417, 537 N.W.2d 589, 591 (Mich. 1995). Courts look to the contract as a whole and give meaning to all of its terms. *Id.* "The terms used in an insurance policy either are clearly defined within the policy or are given their commonly used meaning." *Group Ins. Co. of Mich. v. Czopek*, 440 Mich. 590, 596, 489 N.W.2d 444, 447 (Mich. 1992). An insurance policy is to be enforced as written, and ambiguity cannot be created through interpretation where none exists. *Keillor*, 450 Mich. at 417, 537 N.W.2d at 591. Courts avoid technical and strained constructions of insurance policies. *Hawkeye-Security Ins. Co. v. Vector Constr. Co.*, 185 Mich. App. 369, 380-81, 460 N.W.2d 329, 335 (Mich. Ct. App. 1990). "An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Heniser v.*

4

*Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 161, 534 N.W.2d 502, 505 (Mich. 1995).

Plaintiff's insurance policy provides in pertinent part:

> We do not cover loss to the property described in Coverage A - Dwelling Protection or Coverage B - Other Structures Protection consisting of or caused by:
>
>> 18. Vandalism, or loss caused by fire resulting from vandalism, if your dwelling is vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism.

Policy Endorsement AS134, Def.'s Br. Supp. Mot. Summ. J. Ex. 5 at 55.  The policy defines "vandalism" as follows:

> Vandalism - means willful or malicious conduct resulting in damage or destruction of property.  Vandalism does not include theft of property.

Policy at 3, Def.'s Br. Supp. Mot. Summ. J. Ex. 5 at 28.

Arson is "the malicious burning of the house of another."  Black's Law Dictionary 111 (6th ed. 1990).  The policy defines vandalism to include malicious conduct resulting in damage to property, and it is beyond dispute that the burning of a home would result in damage.  Thus, the common understanding of the term "arson" is within the scope of the policy's definition of "vandalism."  Moreover, the policy expressly excludes coverage of not only "vandalism," but "loss caused by fire resulting from vandalism."  Arson involves setting fire to property, and it is clear that the ensuing damage is caused by fire "resulting from" such conduct.  The policy's terms, interpreted according to their plain meaning, exclude coverage of loss due to an intentionally set fire where the property has been vacant for more than ninety days.

Plaintiff's reliance upon *Johnson v. State Farm Fire & Casualty Co.*, No. 278267,

5

2008 Mich. App. LEXIS 2102 (Mich. Ct. App. Oct. 28, 2008) (per curiam), is misplaced. *Johnson* involved an arson fire that destroyed the plaintiff's rental property. The insurance policy at issue excluded losses caused by "vandalism and malicious mischief," but did not define those terms. The defendant insurer argued that arson was within the scope of this provision. *Id.* at *3. The court paid particular attention to the policy's listing of "fire" and "vandalism" as separate perils. The court noted that the policy excluded coverage of "vandalism," but not "fire," with respect to vacant dwellings. *Id.* at *9. Reasoning that arson is a specific type of fire, rather than a form of vandalism, the court held that the policy did not exclude coverage of arson. *Id.* at *10. *Johnson*'s logic is inapplicable to the facts here. The policy plainly excludes both "vandalism" and "loss caused by fire resulting from vandalism." To the extent that fire and vandalism are treated as separate perils, they are both excluded from coverage.

Plaintiff also points to *American States Insurance Co. v. Rancho San Marcos Properties, L.L.C.*, 97 P.3d 775 (Wash. Ct. App. 2004), but the case is distinguishable. In *American States*, the insurance policy excluded coverage of "vandalism," but did not define that term. The policy also did not specifically exclude coverage of fire with respect to a vacant dwelling. Plaintiff's insurance policy defines vandalism in terms that would include arson. Furthermore, the policy specifically excludes losses caused by both "vandalism" and "fire resulting from vandalism." *American States* therefore provides little support for Plaintiff's argument. Plaintiff cites *Battishill v. Farmers Alliance Insurance Co.*, 97 P.3d 620 (N.M. Ct. App. 2004), but as Allstate correctly notes, that decision was later reversed by the New Mexico Supreme Court. *See Battishill v. Farmers Alliance Ins.*

6

*Co.*, 127 P.3d 1111 (N.M. 2006) (holding that arson is within the scope of exclusion for "vandalism and malicious mischief").

Plaintiff attempts to draw a distinction between arson and what he believes would be a fire caused by vandalism.  He speculates, for example, that if vandals broke into a home and removed wiring or other devices, leaving live wires that subsequently sparked a fire, the fire would be one "resulting from vandalism."  This scenario seems to describe theft, and theft is specifically excluded from the policy's definition of "vandalism."  Plaintiff's interpretation would, as a practical matter, exclude almost any sort of mischief that could result in fire.  Only the most unusual chain of events would end in a fire not covered by the policy.  Plaintiff advocates precisely the sort of strained interpretation of the policy that Michigan law prohibits.

An insurance policy is to be enforced as written, and ambiguity cannot be created through interpretation where none exists.  *Keillor*, 450 Mich. at 417, 537 N.W.2d at 591.  The policy provisions here unambiguously exclude coverage of an arson fire at a dwelling that has been vacant for more than ninety days.  Plaintiff does not dispute that arson was the sole cause of the damage to the home.  Nor does he dispute that the home was vacant for more than ninety days immediately prior to the fire.  The policy provisions therefore exclude coverage of the loss.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Allstate's motion for summary judgment is **GRANTED**.

                                              <u>s/PATRICK J. DUGGAN</u>
                                              UNITED STATES DISTRICT JUDGE

Copies to:

Richard A. Levitt, Esq.
Paul H. Johnson, Jr., Esq.