UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BETHEL,
     Plaintiff,

Case No. 11-13664

Honorable Patrick J. Duggan

v.

ALLSTATE INDEMNITY COMPANY,
     Defendant.
                                 /

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 20, 2012.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Dennis Bethel ("Plaintiff") filed this action to recover for an alleged breach of an insurance contract by Defendant Allstate Indemnity Company ("Allstate"). The parties filed cross-motions for summary judgment, and in an Opinion and Order dated March 29, 2012, the Court denied Plaintiff's motion and granted Allstate's motion. This matter is before the Court on Plaintiff's motion for reconsideration of this Opinion and Order.

The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by

the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'" *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

The Court did not conclude, as Plaintiff asserts, that the only vandalism in this case was the graffiti discovered prior to the fire. Pl.'s Br. 3. Rather, the Court concluded that arson falls within the scope of the insurance policy's definition of "vandalism":

> Arson is "the malicious burning of the house of another." The policy defines vandalism to include malicious conduct resulting in damage to property, and it is beyond dispute that the burning of a home would result in damage. Thus, the common understanding of the term "arson" is within the scope of the policy's definition of "vandalism."

3/29/12 Op. & Order 5 (citation omitted). According to this Court's interpretation of the term "vandalism" as it is used in the insurance policy, the burning of the home was an act of vandalism. The resulting damage was excluded from coverage because the home had been vacant for more than 90 consecutive days immediately prior to the fire.

Plaintiff argues that the Court's interpretation of the policy results in an ambiguity, as arson could be considered either "vandalism" or "fire resulting from vandalism." Pl.'s Br. 4. The Court's interpretation of the policy's "vandalism" exclusion[1] might entail some redundancy in the case of arson, but this is not the same as ambiguity. The Court believes that arson satisfies both portions of the exclusion when the policy's terms are interpreted

---

[1] This exclusion provides that a loss is not covered where it is caused by "[v]andalism, or loss caused by fire resulting from vandalism, if your dwelling is vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism."

2

according to their plain meaning. "Vandalism" is defined as "willful or malicious conduct resulting in damage or destruction of property." Arson obviously results in damage to the property, and is by definition malicious conduct. Alternatively, the act of setting fire to another's property is certainly willful or malicious conduct resulting in property damage. The ensuing arson fire is therefore a "fire resulting from vandalism." To the extent that these provisions are redundant with respect to arson, it merely reinforces the conclusion that arson is excluded from coverage. Only the most strained interpretation of the policy would provide for coverage of damage resulting from a maliciously set fire.

As in his earlier brief, Plaintiff relies on *Johnson v. State Farm Fire & Casualty Co.*, No. 278267, 2008 Mich. App. LEXIS 2102 (Mich. Ct. App. Oct. 28, 2008) (per curiam). Plaintiff argues that in order to exclude arson from insurance coverage, an insurer must specifically use the word "arson" in the policy's exclusion provisions. Pl.'s Br. 4. The Court disagrees with Plaintiff's reading of *Johnson*. In that case, the policy excluded losses caused by "vandalism and malicious mischief," but failed to define those terms. The insurer argued that arson was excluded under this provision. The Michigan Court of Appeals noted, however, that in common speech, vandalism and arson are distinct and separate activities. *Id.* at *6. The court further noted that "fire" and "vandalism" were listed as separate perils in the policy. *Id.* at *9. This was the court's basis for concluding that the defendant was required to specifically list arson if it wished to exclude coverage. *See id.* at *10 n.1. *Johnson* is therefore distinguishable from this case in two ways. First, in this case, the policy defined "vandalism" in terms broad enough to encompass an arson fire. Second, unlike the policy in *Johnson*, Allstate's insurance policy excludes coverage

for damage caused by "fire resulting from vandalism." Thus, to the extent that arson can be considered a separate peril, it is also plainly excluded.

Plaintiff notes that Michigan courts enforce insurance policy exclusions only if the policy language "'fairly leads to only one reasonable interpretation.'" Pl.'s Br. 2 (quoting *Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 161, 534 N.W.2d 502, 505 (Mich. 1995)). Plaintiff argues that the parties have cited competing authorities in their briefs, establishing that more than one reasonable interpretation of the contested policy exists. The authorities cited by Plaintiff involve policies unlike the one at issue here, which specifically defines "vandalism" in terms broad enough to encompass arson and excludes from coverage any damage caused by "vandalism" or "fire resulting from vandalism." The Court is not persuaded that Plaintiff's interpretation of the policy is reasonable.

The Court has carefully reviewed Plaintiff's arguments, but concludes that there was no palpable defect in its Opinion and Order. The Court concludes that it did not err in denying Plaintiff's motion for partial summary judgment and granting Allstate's motion for summary judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Richard A. Levitt, Esq.
Paul H. Johnson, Jr., Esq.